IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MO-KAN TEAMSTERS PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:12-CV-00551-BCW |
| MOTEX CONSTRUCTION, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER OF DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Judgment by Default by the Court (Doc. #6). The Court being duly advised of the premises, for good cause shown, and pursuant to Fed. R. Civ. P. 55(b)(2), grants said Motion.

On May 15, 2012, Plaintiffs filed their Complaint against Defendant Motex Construction, LLC. Defendant was served through its registered agent, Jami Tyson, by special process server with a copy of the summons and Complaint on June 11, 2012, at 8124 E. 96th Terr., Kansas City, Missouri, and therefore the Court has jurisdiction over said Defendant. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132, and therefore the Court has subject matter jurisdiction over the cause.

Defendant has failed to answer or otherwise respond to Plaintiffs' Complaint, or serve a copy of any answer or other defense upon Plaintiffs' attorneys of record or upon Plaintiffs. Since commencing this action on July 11, 2012, Plaintiffs have filed the

1

following pleadings and caused the same to be mailed by certified mail to: Jami Tyson, registered agent, 8124 E. 96th Terr., Kansas City, Missouri, 64134:

    a.    Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure);

    b.    Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

    c.    Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

The Court entered a Show-Cause Order on the July 26, 2012 (Doc. #11), directing Defendant to show cause why the Court should not enter default judgment against it. The Show-Cause Order (Doc. #11) was mailed by certified mail to: Defendant MOTEX Construction, LLC, Attn: Jami Tyson, 8124 E. 96th Terrace, Kansas City, Missouri 64134. As of the date of this Order, Defendant has failed to respond to the Court's Show-Cause Order (Doc. #11). No proceedings have been made by Defendant since the institution of this action or since the aforementioned Order of the Court to show cause why default judgment should not be entered.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against Defendant Motex Construction, LLC and in favor of Plaintiffs Mo-Kan Teamsters Pension Fund, Mo-Kan Teamsters Health and Welfare Fund, Teamsters Local Union No. 541 Vacation-Holiday Fund, Mo-Kan Teamsters Apprenticeship and Training Fund, and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

# COUNT I

That the plaintiff, Mo-Kan Teamsters Pension Fund, have and recover of and from Defendant, for the period September 22, 2009 through June 30, 2011 the amount of TEN THOUSAND, TWO HUNDRED FIFTY-NINE AND 64/100 ($10,259.64) DOLLARS in unpaid fringe benefit contributions, TWO THOUSAND, FIFTY-ONE AND 93/100 ($2,051.93) DOLLARS as and for liquidated damages and FIVE HUNDRED FORTY AND 94/100 ($540.94) DOLLARS representing interest on the unpaid contributions; EIGHT HUNDRED FIFTY-FOUR AND 23/100 ($854.23) DOLLARS representing reasonable attorneys' fees; TWO THOUSAND, SIX HUNDRED SEVENTY-ONE AND 95/100 ($2,671.95) DOLLARS representing audit costs, for a total of SIXTEEN THOUSAND, THREE HUNDRED SEVENTY-EIGHT AND 69/100 ($16,378.69) DOLLARS; and their costs herein incurred and expended and that execution issue therefore.

Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period July 1, 2011, to date.

That the plaintiff, Mo-Kan Teamsters Pension Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from July 1, 2011, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and

3

Case 4:12-cv-00551-BCW   Document 14   Filed 09/18/12   Page 3 of 9

judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to the plaintiff for said period can be ascertained.

That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Mo-Kan Teamsters Pension Fund on behalf of employees working under the collective bargaining agreements.

That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with the plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

**COUNT II**

That the plaintiff, Mo-Kan Teamsters Health and Welfare Fund, have and recover of and from Defendant for the period September 22, 2009 through June 30, 2011 the amount of FOURTEEN THOUSAND, ONE HUNDRED FORTY-TWO AND 61/100 ($14,142.61) DOLLARS in unpaid fringe benefit contributions, TWO THOUSAND, EIGHT HUNDRED TWENTY-EIGHT AND 54/100 ($2,828.54) DOLLARS as and for liquidated damages and SEVEN HUNDRED FORTY-THREE AND 13/100 ($743.13) DOLLARS representing interest on the unpaid contributions; EIGHT HUNDRED FIFTY-FOUR AND 23/100 ($854.23) DOLLARS, representing reasonable attorneys' fees; TWO THOUSAND, SIX HUNDRED SEVENTY-ONE AND 95/100 ($2,671.95) DOLLARS representing audit costs, for a total of TWENTY-ONE THOUSAND, TWO

4

Case 4:12-cv-00551-BCW   Document 14   Filed 09/18/12   Page 4 of 9

HUNDRED FORTY AND 46/100 ($21,240.46) DOLLARS; and their costs herein incurred and expended and that execution issue therefore.

Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period July 1, 2011, to date.

That the plaintiff, Mo-Kan Teamsters Health and Welfare Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from July 1, 2011, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to the plaintiff for said period can be ascertained.

That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Mo-Kan Teamsters Health and Welfare Fund on behalf of employees working under the collective bargaining agreements.

That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with the plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## COUNT III

That the plaintiff, Teamsters Local Union No. 541 Vacation-Holiday Fund, have and recover of and from Defendant for the period September 22, 2009 through June 30, 2011 the amount of THREE THOUSAND, TWO HUNDRED TEN AND 96/100 ($3,210.96) DOLLARS in unpaid fringe benefit contributions, SIX HUNDRED FORTY-TWO AND 21/100 ($642.21) DOLLARS as and for liquidated damages and ONE HUNDRED SIXTY-NINE AND 92/100 ($169.92) DOLLARS representing interest on the unpaid contributions; NINETY AND 88/100 ($90.88) DOLLARS representing reasonable attorneys' fees; TWO HUNDRED EIGHTY-FOUR AND 25/100 ($284.25) DOLLARS representing audit costs, for a total of FOUR THOUSAND, THREE HUNDRED NINETY-EIGHT AND 22/100 ($4,398.22) DOLLARS; and their costs herein incurred and expended and that execution issue therefore.

Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the

jurisdiction of the collective bargaining agreements and Trust Agreement for the period July 1, 2011, to date.

That the plaintiff, Teamsters Local Union No. 541 Vacation-Holiday Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from July 1, 2011, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to the plaintiff for said period can be ascertained.

That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Teamsters Local Union No. 541 Vacation-Holiday Fund on behalf of employees working under the collective bargaining agreements.

That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with the plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## COUNT IV

That the plaintiff, Mo-Kan Teamsters Apprenticeship and Training Fund, have and recover of and from Defendant for the period September 22, 2009 through June 30, 2011 the

amount of NINE HUNDRED TWENTY-NINE AND 21/100 ($929.21) DOLLARS in unpaid fringe benefit contributions, ONE HUNDRED EIGHTY-FIVE AND 86/100 ($185.86) DOLLARS as and for liquidated damages and FORTY-EIGHT AND 32/100 ($48.32) DOLLARS representing interest on the unpaid contributions; EIGHTEEN AND 16/100 ($18.16) DOLLARS representing reasonable attorneys' fees; FIFTY-SIX AND 85/100 ($56.85) DOLLARS representing audit costs, for a total of ONE THOUSAND, TWO HUNDRED THIRTY-EIGHT AND 40/100 ($1,238.40) DOLLARS; and their costs herein incurred and expended and that execution issue therefore.

Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period July 1, 2011, to date.

That the plaintiff, Mo-Kan Teamsters Apprenticeship and Training Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from July 1, 2011, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to the plaintiff for said period can be ascertained.

That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Mo-Kan Teamsters Apprenticeship and Training Fund on behalf of employees working under the collective bargaining agreements.

That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with the plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## CONCLUSION

IT IS HEREBY ORDERED Plaintiffs' Motion for Judgment by Default by the Court (Doc. #6) is GRANTED.

IT IS FURTHER ORDERED the Clerk of the Court shall enter a judgment consistent with this Order.

IT IS SO ORDERED.

DATED: September 18, 2012

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT